IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 32,742-11






EX PARTE GILBERTO D. HERNANDEZ, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B9318 IN THE 242ND JUDICIAL DISTRICT COURT


FROM HALE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty in this case to
aggravated robbery, and was sentenced to eighteen years' imprisonment. He was later convicted of
attempted murder, with an affirmative deadly weapon finding, and sentenced to ten years'
imprisonment, to be served consecutively with this sentence.

 Applicant contends, inter alia, that his mandatory supervision date for the remainder of this
sentence is being improperly calculated. Based on TDCJ's records, Applicant has a maximum
discharge date of August 23, 2014, which appears to be an accurate calculation. However,
Applicant's projected release date is shown as June 7, 2014, despite indications that he has
accumulated sufficient flat time and good time to be released to mandatory supervision now. 
Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Forward, 258 S.W.3d
151 (Tex. Crim. App. 2008). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit describing how Applicant's projected release date has been calculated, including a
current accounting of Applicant's accumulated flat time and good time credits, as well as any good
time or work time credits that have been lost as a result of disciplinary actions. The trial court may
also order depositions, interrogatories or a hearing. Id. If the trial court elects to hold a hearing, it
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode
Crim. Proc. art. 26.04.

 The trial court shall make findings as to whether TDCJ is properly calculating Applicant's
minimum and maximum discharge dates. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 28, 2009

Do not publish